**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JESUS JACOBO ORTIZ RUIZ,
Petitioner,
v.
D. MARIN, *et al*.,
Respondents.

Case No. 5:26-cv-02979-DMK

**MEMORANDUM AND ORDER DENYING PETITION WITHOUT PREJUDICE**

On May 29, 2026, Petitioner Jesus Jacobo Ortiz Ruiz, an immigration detainee proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (the "Petition"), challenging the legality of his detention by Respondents at the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto") and seeking immediate release. *See* ECF 1.[1] For the reasons below, the Petition is DISMISSED without prejudice.

[1] For ease of reference, the Court cites the parties' submissions using the pagination generated by the Court's CM/ECF system.

**I**

Petitioner is a native and citizen of Mexico who entered the United States without inspection in 1994, when he was nine years old. ECF 1 at 2, ¶ 10. He was granted Deferred Action for Childhood Arrivals in 2014 and renewed his work authorization until 2021. *Id.* at 2. Petitioner states that he has been arrested three times, but has no convictions, and that the most recent criminal matter against him is proceeding through a mental health diversion program in Riverside County Superior Court. *Id.* at 2–3, ¶ 5.

On October 28, 2025, ICE officers arrested Petitioner as he left a diversion progress hearing at the Riverside Hall of Justice. *Id.* at ¶ 1. On October 31, 2025, ICE served Petitioner with a notice to appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present without admission or parole. *Id.* at ¶ 2. Petitioner has been detained at Adelanto since that time. *Id.* at ¶ 13.

Petitioner states that on May 20, 2026, he "received a bond hearing," and that "[t]he immigration judge denied bond concluding that Petitioner is a flight risk." ECF 2 at 4.

The records of the Executive Office for Immigration Review reflect that an immigration judge ("IJ") ordered Petitioner removed on August 24, 2026; that the Board of Immigration Appeals ("BIA") received Petitioner's appeal of that order on September 4, 2026; and that the appeal remains pending.[2] The Court takes judicial notice of those records. *See* Fed. R. Evid. 201(b)(2).

Petitioner filed the Petition together with a memorandum in support of a temporary restraining order and a motion for appointment of counsel. ECFs 1–3. The District Judge denied the motion for appointment of counsel, and directed the Office of the Federal Public Defender ("FPD") to consider representing Petitioner. ECF 9. The FPD filed a notice that it does not intend to appear. ECF 12.

---

[2] *See* Executive Office for Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/en/ (search: A-number 207179997 and Mexico), (last accessed October 1, 2026).

Respondents filed a traverse on June 8, 2026. ECF 11. They argue that Petitioner failed to exhaust his administrative remedies because he withdrew his request for a bond hearing scheduled for April 27, 2026, in order to find an attorney, and that Petitioner is detained under 8 U.S.C. § 1226(a) and is receiving due process in his removal proceedings. *Id.* at 2–4.[3] Petitioner did not file a reply. He has since filed a request for a copy of Respondents' response, stating that he was not served with it, and two further requests for appointment of counsel. ECFs 13, 14, 18.

**II**

The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A court may grant a petition and issue a writ of habeas corpus to a petitioner who shows that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A noncitizen held by immigration authorities may petition for a writ of habeas corpus under § 2241 on the ground that his detention violates the Constitution or other federal laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

**III**

The Petition asks for two things: Petitioner's release, or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). ECF 1 at 11 ("Petitioner seeks release unless Respondents provide a bond hearing under 1226(a)."); *id.* at Prayer for Relief ¶¶ A–B. Neither form of relief is warranted on this record.

**A**

Petitioner contends that he is detained under § 1226(a), not 8 U.S.C. § 1225(b)(2), and that as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), he is entitled to a bond hearing under § 1226(a). ECF 1 at ¶¶ 13, 22–25; *id.* at 11. Respondents agree that Petitioner is detained under § 1226(a).

---

[3] The traverse cites an "Ex. A" in support of Respondents' account of the April 27, 2026, hearing. ECF 11 at 2. No exhibit was filed with the traverse. *See* ECF 11. The Court therefore does not rely on Respondents' unsupported account of that hearing.

ECF 11 at 2–3. And Petitioner states that he received a bond hearing on May 20, 2026, at which the IJ denied bond after finding that he is a flight risk. ECF 2 at 4. Petitioner thus has received the hearing he asks the Court to order. He does not contend that the IJ applied the wrong legal standard or otherwise erred in conducting that hearing; he asserts only that he is not a flight risk or a danger. *Id.*

Petitioner therefore is not entitled to an order directing Respondents to provide a bond hearing. *See C.A.R.V. v. Wofford*, No. 1:25-cv-1395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026) (Court's review of IJ decisions is limited to "whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence") (internal quotation marks omitted); *accord Kumar v. Noem*, No. 1:26-cv-1148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026); *Hilario Pankim v. Barr*, No. 20-cv-2941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

**B**

Petitioner's request for release rests on 8 U.S.C. § 1231(a)(6) and *Zadvydas*. ECF 1 at ¶¶ 4–8, 25–27; *id.* at 6–11. Detention under § 1231 begins with the "removal period," which commences on the latest of several dates, including "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). An IJ's order of removal becomes final upon the BIA's dismissal of an appeal, or upon expiration of the time to appeal if no appeal is taken. 8 C.F.R. § 1241.1(a), (c). In *Zadvydas*, the Supreme Court construed § 1231(a)(6) to limit post-removal-period detention to "a period reasonably necessary to bring about that alien's removal from the United States," and recognized a presumptively reasonable period of six months. 533 U.S. at 689, 701.

When Petitioner filed the Petition, no IJ had ordered him removed. An IJ has since ordered Petitioner removed, but Petitioner's appeal of that order remains pending before the BIA. Petitioner's order of removal therefore is not administratively final, the removal period has not begun, and the six-month period recognized in *Zadvydas* has not started to run. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a). For the same reason, the regulations governing revocation of release for noncitizens subject to final orders of

removal, *see* 8 C.F.R. § 241.13(i), do not apply to Petitioner. Petitioner's request for release is premature.[4]

Petitioner's remaining requests concerning removal to a third country, ECF 1 at 11–14; *id.* at Prayer for Relief ¶¶ C, E–I, are likewise premature. Petitioner does not allege that Respondents have designated, or intend to remove him to, any country other than Mexico, which he identifies as the country designated for his removal. *Id.* at ¶ 17.

Because Petitioner's circumstances may change once his order of removal becomes administratively final, the Petition is dismissed without prejudice.

**C**

Petitioner has three times asked the Court to appoint counsel. ECFs 3, 13, 18. There is no constitutional right to counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The Court may appoint counsel, however, for a financially eligible § 2241 petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, the Court considers the petitioner's likelihood of success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The District Judge denied Petitioner's first motion, and the FPD declined to appear. ECFs 9, 12. For the reasons discussed above, Petitioner is not likely to succeed on the claims presented in the Petition. The interests of justice therefore do not require appointment of counsel, and Petitioner's renewed requests (ECFs 13, 18) are denied.

Petitioner also states that he was not served with Respondents' Return. ECF 14. Petitioner's request (ECF 14) is granted to the extent that the Clerk is directed to serve a copy of the Return (ECF 11) on Petitioner with this Order. Because the Court resolves

---

[4] Respondents likewise rely on regulations and authority addressing noncitizens with final orders of removal. ECF 11 at 3 (citing 8 C.F.R. § 241.4(l)(2) and *Moran v. U.S. Dep't of Homeland Sec.*, 2020 WL 6083445, at *9 (C.D. Cal. Aug. 21, 2020)). Those authorities have no bearing here for the same reason.

the Petition on the basis of Petitioner's own filings and the records of the Executive Office for Immigration Review, Petitioner is not prejudiced by any failure of service.

**IV**

Accordingly, IT IS HEREBY ORDERED that:

1) The Petition is DISMISSED without prejudice;

2) Petitioner's request for a temporary restraining order (ECF 2) is DENIED AS MOOT;

3) Petitioner's requests for appointment of counsel (ECFs 13, 18) are DENIED;

4) Petitioner's request for Respondents' response (ECF 14) is GRANTED, and the Clerk is directed to serve a copy of the Return (ECF 11) on Petitioner together with this Order; and

5) Judgment shall be entered dismissing this action without prejudice.

Dated: October 5, 2026

HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE